# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BLUE FIRE CAPITAL, LLC** <br><br> Plaintiff, <br> v. <br><br> **PIES & PINTS DEVELOPMENT PARTNERS, LLC**, et al., <br><br> Defendants. | Case No. 2:20-cv-2982 <br><br> Judge James L. Graham <br><br> Magistrate Judge Kimberly A. Jolson |

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff Blue Fire Capital, LLC's Motion for Temporary Restraining Order and Preliminary Injunction. (ECF No. 29.) For the reasons that follow, Plaintiff's motion is **DENIED**.

**I.   BACKGROUND**

On May 20, 2021, Plaintiff moved this Court for a temporary restraining order, and, thereafter, a preliminary injunction, enjoining (1) Defendant R&M Advisors, LLC ("R&M") from: (a) taking any action that would interfere with, alter, or otherwise change Blue Fire's contractual right under the PPDP Operating Agreement ("PPDP OA") to purchase R&M's 50% membership interest in PPDP for One Million Three Hundred Thousand and 00/100 Dollars ($1,300,000) (the "Purchase Price"); (2) Defendant Lindeman from (a) taking any action in his individual capacity as Sole Manager of PPDP that would interfere with, alter, or otherwise change Blue Fire's contractual right to purchase R&M's 50% membership interest in PPDP for the Purchase Price; (b) acting unlawfully in his individual capacity as manager and president of Defendant Pies and Pints Management Company, LLC ("PPMC") by withholding records Blue Fire is entitled to access under 6 Del. C. § 18-305, including accounting information relating to PPMC's operations,

copies of current lease agreements and information relating to the possible refinancing of PPMC debt, and (c) taking any action to interfere, alter, or otherwise change PPDP's ownership rights and interests in PPMC; and (3) Defendant PPMC from taking any action that would interfere with, alter, or otherwise change PPDP's membership interests or rights in PPMC pending the closing on R&M's sale of membership interest to Blue Fire for the Purchase Price.

On May 21, 2021, the Court held a preliminary telephone conference pursuant to S.D. Ohio Civ. R. 65. 1(a).

## II. STANDARD OF REVIEW

Plaintiff moves this Court, pursuant to Rule 65 of the Federal Rules of Civil Procedure, for a temporary restraining order and preliminary injunction. Temporary restraining orders and preliminary injunctions are extraordinary remedies governed by the following considerations: "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a stay, (3) whether granting the stay would cause substantial harm to others, and (4) whether the public interest would be served by granting the stay." *Ohio Republican Party v. Brunner,* 543 F.3d 357, 361 (6th Cir. 2008); *see also Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008).

"The party seeking the preliminary injunction bears the burden of justifying such relief," including showing likelihood of success and irreparable harm. *McNeilly v. Land,* 684 F.3d 611, 615 (6th Cir. 2012). "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Examiners,* 225 F.3d 620, 625 (6th Cir. 2000); *accord Jolivette v. Husted,* 694 F.3d 760, 765 (6th Cir. 2012). The movant must further show that "irreparable injury is *likely* in the absence of an injunction." *Winter,* 555 U.S. at 22 (emphasis in original). A mere possibility of injury is not enough. *Id.*

2

### III. DISCUSSION

Here, Plaintiff has failed to establish a likelihood of success on the merits. The issues before the Court regarding the parties' relationship are murky, at best, and the Court therefore finds that Plaintiff has not demonstrated a likelihood of success on the merits of its claims against Defendant Robert Lindeman and the new Defendants it seeks to add via a Verified Second Amended Complaint.

Furthermore, Plaintiff has not shown that immediate, irreparable harm is likely or that the alleged harm cannot be adequately remedied by an award of monetary damages. In the absence of a demonstrated likelihood of success on the merits and irreparable harm, the Court declines to grant the extraordinary remedy of a temporary restraining order.

### IV. CONCLUSION

For the foregoing reasons, Blue Fire Capital, LLC's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 29) is **DENIED**.

**IT IS SO ORDERED.**

/s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: May 21, 2021