**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| Blue Fire Capital, LLC | : |
| | : Case No. 2:20-cv-02982 |
| Plaintiff, | : |
| v. | : Judge Graham |
| | : |
| Pies & Pints Development | : Magistrate Judge Jolson |
| Partners, LLC, et al., | : |
| | : |
| Defendants. | : |

## OPINION & ORDER

This matter is before the Court upon Defendants' motion for costs and attorney fees, filed September 8, 2023. ECF No. 50. On October 19, 2021, this Court granted Defendants' motion for judgment on the pleadings and denied Plaintiff's motion for the same. ECF No. 44. Plaintiff appealed, and the Sixth Circuit affirmed the decision on July 13, 2023. Defendants now seek costs and expenses, including attorney fees, arguing that they are contractually entitled to such an award as the "prevailing parties" of the dispute. ECF No. 50. For the reasons that follow, Defendants' motion is **DENIED**.

## DISCUSSION

Defendants, Pies & Pints Development Partners, LLC ("PPDP") and Robert Lindeman ("Lindeman"), argue that Plaintiff, Blue Fire Capital, LLC ("Blue Fire") must pay the costs and expenses of litigation, including Defendants' attorney fees. Defendants base their claim upon the following clause ("Section 11.8"), which appears in identical form in multiple Operating Agreements produced in this dispute:

> This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware without regard to its conflict of laws principles. To the extent that any **party to this Agreement prevails against any other party hereto** in connection with the

[1]

> prevailing party's enforcement of its rights under this Agreement, the prevailing party shall be entitled to its costs and expenses (including attorney fees) in connection with such dispute.

Pl.'s First Am. Compl., ECF No. 15-1 (emphasis supplied). The Operating Agreement of PPDP ("PPDP OA") (*Id.*), the Amended Operating Agreement of Pies and Pints Management Company ("PPMC AOA") (ECF No. 15-4), and the Third Amended Operating Agreement of PPMC ("PPMC 3OA") (ECF No. 15-9) all include this identical Section 11.8.

Plaintiff Blue Fire argues that neither Defendant PPDP nor Defendant Lindeman are parties to the PPDP OA, and that Blue Fire is not a party to the PPMC AOA nor the PPMC 3OA. Pl.'s Resp. Opp'n, ECF No. 51. Therefore, Plaintiff argues, the Defendants cannot enforce Section 11.8 against Blue Fire under any of the cited operating agreements. Defendants do not dispute which individuals and/or entities are parties to the operating agreements but argue that "[e]ach [fee-shifting] provision is unique and must be decided under the facts of that particular case." Defs.' Reply 3, ECF No. 52, citing *TranSched Sys. Ltd. v. Versyss Transit Sols., LLC*, No. CIV.A. 07C-08-286WCC, 2012 WL 1415466, at *2 (Del. Super. Ct. Mar. 29, 2012).

The organizational chart on the following page, reproduced from this Court's Opinion and Order filed October 19, 2021 (ECF No. 44), illustrates the respective parties as to each operating agreement: Plaintiff Blue Fire and R&M Advisors, LLC ("R&M") are the parties to the PPDP OA, while Defendant PPDP and KSDB, LLC ("KSDB") are parties to the PPMC AOA and PPMC 3OA. This party alignment is supported by the respective signatures on each document. ECF No. 15-1; ECF No. 15-3; ECF No. 15-9.



Defendants describe the facts of this case as: "Plaintiff Blue Fire filed these proceedings seeking to enforce, among other things, its *claimed* rights under the PPMC Operating Agreements." Defs. Reply 3 (emphasis supplied). But this does not tell the whole story. As noted by the Defendants, Plaintiff sought to amend its complaint for a second time to add claims and parties—notably, to assert derivative claims on behalf of Defendant PPDP, and to add R&M and KSDB as additional defendants. R&M is the only other member, with Plaintiff, of Defendant PPDP. KSDB is the only other member, with Defendant PPDP, of Pies & Pints Management Company ("PPMC"). While Plaintiff's motion for leave to amend was stayed, the Court granted judgment on the pleadings in favor of Defendants.

On appeal, the Sixth Circuit noted, "it is clear that the Second Amended Complaint could not have saved the allegations of the Amended Complaint." *Blue Fire Cap., LLC v. Pies & Pints Dev. Partners, LLC*, No. 21-4098, 2023 WL 4535563, at *11 (6th Cir. July 13, 2023). However, Judge White, dissenting in part, observed: "Recharacterizing the… breach-of-fiduciary-duty claims as derivative on behalf of PPDP would remedy a key weakness to those claims—that as President of PPMC [Defendant] Lindeman owes fiduciary duties to PPDP as a member but does not owe fiduciary duties directly to [Plaintiff] Blue Fire." *Id.* at *12, (White, J., dissenting.). The majority opinion concluded that "the district court did not err by implicitly denying Blue Fire's motion for leave to amend," because, "[a]t best, the Second Amended Complaint alleges distinct, new allegations on behalf of the derivative plaintiff, PDPP." *Id.* at *12.

Though Plaintiff's pleading deficiencies may have fundamentally undermined Plaintiff's purpose in bringing suit, an additional result of those deficiencies is that the Defendants in this case have no contractual claim for costs and attorney fees against Plaintiff. None of the operating agreements discussed by the parties establishes that this Plaintiff has a contractual obligation to pay costs and attorney fees for these Defendants, because none of the operating agreements form a contract between this Plaintiff and these Defendants. Defendants argue that the PPDP OA identifies R&M and Rob Lindeman as "interchangeable" based on this clause: "R&M Advisors, LLC (Rob Lindeman) shall be the "tax matters partner" of the Company for federal income tax purposes. Defs. Reply, 3. Therefore, according to Defendants, "Plaintiff cannot escape its obligations under [the PPDP OA] by now claiming R&M Advisors is not a party to this lawsuit." *Id.* The Court is not persuaded that the cited clause renders R&M and Defendant Lindeman "synonymous for purposes of the [PPDP OA]." *Id.*

[4]

Had Plaintiff been granted leave to amend its Complaint for the second time, R&M would have been added as a Defendant and Plaintiff would have raised a derivative claim on behalf of PPDP. With those parties joined, Plaintiff would have "remed[ied] a key weakness" in its claims, but on the other hand, Defendant R&M would have held a potential contractual right to costs and attorney fees against Plaintiff Blue Fire, as would Defendant KSDB against Defendant PPDP (and, in both cases, vice versa).

But those parties were not joined. As the Sixth Circuit observed from Defendants' appellate brief, "Notably, Lindeman and PPDP concede that,"

> '[T]he new claims against new entities and individuals who were not (and never have been) parties to this lawsuit that Blue Fire sought to include when it requested leave to file its proposed Second Amended Complaint <u>were not</u> dismissed by the district court with prejudice in this matter. Those claims have never been asserted, have never been ruled upon, and could have been brought in a separate action since the claims are based on different operative facts and against individuals and entities who were not originally made parties to this lawsuit.'

*Blue Fire Cap., LLC*, 2023 WL 4535563, 22 n.2 (citing Appellee Br. At 24-25).[1] Simply put, the specific identities of the parties, and the respective rights they hold, mattered then as now.

---

[1] *But see* Defs.' Reply, 2 ("Plaintiff suddenly wants to claim that the matter didn't involve parties to operating agreements that it expressly acknowledged were involved in these proceedings.")

**CONCLUSION**

Because these Defendants cannot enforce Section 11.8 of any of the relevant operating agreements against this Plaintiff, the Court has no basis upon which to grant Defendants' motion. Accordingly, Defendants motion (ECF No. 50) is **DENIED**.

**IT IS SO ORDERED**.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: February 06, 2024

[6]